IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| DEDRICK LAMONE JENKINS #1307915 | § | |
| v. | § | CIVIL ACTION NO. 6:09cv178 |
| SGT. MARK DEARING | § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT

The Plaintiff Dedrick Jenkins, an inmate of the Texas Department of Criminal Justice, Correctional Institutions Division proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged violations of his constitutional rights. This Court ordered that the matter be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges. The sole named defendant in the lawsuit is Sgt. Mark Dearing.

Jenkins said that on November 11, 2008, he was assaulted by a prisoner named Ronald Davis, who had stolen his fan and watch. Sgt. Dearing investigated the incident. Jenkins says that when Dearing asked if he had struck Davis, he said yes, that he did not have a choice. However, Dearing wrote up a disciplinary case which made it look like Jenkins had been the aggressor, which he was not.

On November 18, 2008, Jenkins' property was inventoried, and the fan and watch were not listed. He says that Dearing ordered that he not receive his property and so he was punished twice - once by not getting his property, and once in the disciplinary case, in which he received 15 days of commissary restrictions and one day of solitary confinement. He also received a two-year set-off on his parole, and one of the reasons given was "institutional adjustment." Jenkins contended that

he suffered "mistreatment, negligence, and double jeopardy" as a result of the incident, saying that if Sgt. Dearing had investigated properly from the beginning, the situation would not have occurred.

After review of the pleadings, the Magistrate Judge issued a Report on July 22, 2009, recommending that the lawsuit be dismissed. The Magistrate Judge concluded that Jenkins' claim that Dearing did not investigate the situation correctly did not show the deprivation of a right secured by the Constitution or laws of the United States, that Jenkins did not show that he was deprived of a constitutionally protected liberty interest as a result of the disciplinary proceeding, that the loss of his property did not set out a cognizable claim in federal court, and that the set-off of his parole did not implicate a constitutionally protected liberty interest.

Jenkins filed objections to the Magistrate Judge's Report on July 31, 2009. In his objections, Jenkins says first that dismissal of his case would be error because he submitted evidence in the form of grievances which he had filed. However, the grievances and other documents which Jenkins filed do not show the violation of a right protected by the Constitution or laws of the United States. This objection is without merit.

Second, Jenkins says that the security staff showed deliberate indifference to his safety because he sustained actual injuries when Davis attacked him, and he had informed security of the situation before it transpired, and that the defendant acted in violation of prison policy. The claim of deliberate indifference to safety is raised for the first time in Jenkins' objections, and is thus not properly before the Court; the Fifth Circuit has stated that issues raised for the first time in objections to the Report of the Magistrate Judge are not properly before the District Court. Finley v. Johnson, 243 F.3d 215, 218 n.3 (5th Cir. 2001), *citing* United States v. Armstrong, 951 F.2d 626, 630 (5th Cir. 1992); Cupit v. Whitley, 28 F.3d 532, 535 n.5 (5th Cir. 1994). In addition, Jenkins offers no specific facts whatsoever to support his claim of deliberate indifference, but simply presents a conclusory assertion to this effect. Civil rights claimants must state specific facts, not conclusory allegations. Brinkmann v. Johnston, 793 F.2d 111, 113 (5th Cir. 1986); *see also* Baker v. Putnal, 75 F.3d 190, 195 (5th Cir. 1996) (Section 1983 actions against individual governmental officials require "claims

of specific conduct and action giving rise to a constitutional violation," not merely conclusory assertions). Jenkins' claim on this point is without merit.

Similarly, Jenkins asserts that Dearing violated prison rules and regulations in the conduct of the investigation. The Fifth Circuit has stated that a violation of prison rules alone is not sufficient to rise to the standards of a constitutional claim. Myers v. Klevenhagen, 97 F.3d 91, 94 (5th Cir. 1996); Hernandez v. Estelle, 788 F.2d 1154, 1158 (5th Cir. 1986). This objection is without merit.

Finally, Jenkins says that he is not complaining about being denied parole, but that he was twice punished for a disciplinary infraction for which he should not have been punished at all. He says that he was not afforded an impartial decision-maker at the disciplinary case, although he offers no facts to support this assertion. As the Magistrate Judge observed, Jenkins did not show that he was deprived of a constitutionally protected liberty interest as a result of the punishment imposed in the disciplinary case. *See* Sandin v. Conner, 115 S.Ct. 2293. 2301 (1995). Although Jenkins appears to argue that he was subjected to "double jeopardy," the Fifth Circuit has stated that the Double Jeopardy Clause does not apply to prison disciplinary proceedings. Smith v. Jackson, 234 F.3d 707 (5th Cir., October 6, 2000) (not selected for publication in the Federal Reporter) (available on WESTLAW at 2000 WL 1598124), *citing* Wolff v. McDonnell, 418 U.S. 539, 556 (1974) *and* Showery v. Samaniego, 814 F.2d 200, 202 (5th Cir. 1987).

Furthermore, the sole named Defendant in the lawsuit is Sgt. Dearing, who was not the disciplinary hearing officer. The Fifth Circuit has stated that in order to successfully plead a cause of action in civil rights cases, a plaintiff must enunciate a set of facts that illustrate the defendants' participation in the alleged wrong. Jacquez v. Procunier, 801 F.2d 789, 793 (5th Cir. 1986). To the extent that Jenkins complains of the alleged lack of impartiality by the disciplinary hearing officer, he has failed to show that the sole named defendant in the lawsuit participated in this alleged wrong. His objections are without merit.

The Court has conducted a careful *de novo* review of the pleadings and documents in this case, including the Plaintiff's complaint and exhibits, the Report of the Magistrate Judge, the Plaintiff's objections thereto, and all other pleadings, documents, and records in the case. Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the Plaintiff's objections are without merit. It is accordingly

ORDERED that the Plaintiff's objections are overruled and the Report of the Magistrate Judge is ADOPTED as the opinion of the District Court. It is further

ORDERED that the above-styled civil action be and hereby is DISMISSED as frivolous with prejudice as to its refiling in federal court, but without prejudice as to Jenkins' right to seek relief for the deprivation of his property through the administrative channels of TDCJ or the courts of the State of Texas. This dismissal is also without prejudice as to any claim for deliberate indifference to his safety which Jenkins may raise. It is further

ORDERED that any and all motions which may be pending in this civil action are hereby DENIED. Finally, it is

ORDERED that the Clerk shall provide a copy of this order to the Administrator of the Sanction and Three Strike List for the Eastern District of Texas.

**SIGNED this 11th day of August, 2009.**

MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE